IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| VS. | * | CRIMINAL NO.: CCB-17-602 |
| ERIC TROY SNELL | * | |
| Defendant | * | |

*********************************************************************

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO IMPOSE REASONABLE LIMITS ON CROSS-EXAMINATION OF WITNESSES, TO LIMIT TESTIMONY ABOUT PENALTIES, AND PRE-TRIAL DETENTION, AND TO PROHIBIT QUESTIONING ABOUT IRRLEVANT BAD ACTS

Now comes the Defendant, **Eric Troy Snell**, by and through his undersigned attorney, David R. Solomon, Esquire, and respectfully states the following:

**I.  The Government's Concerns Regarding The Imposition Of Reasonable Limits On Cross-Examination Of Jemell Rayam And Momodu Gondo Are Unfounded And Infringe On His Right Of Confrontation.**

The Government argues that reasonable limits on cross-examination are necessary in order to avoid confusion of issues, repetitiveness and prejudice. By extension, they argue that the Defendant should be limited on cross-examination of their two (2) key witnesses, Rayam and Gondo, to discussing "categories of criminal conduct rather than a recitation of the facts of each robbery or crime they committed". Finally, the Government believes that generic questions - - they were so kind as to provide defense counsel a list of recommended questions on page 4 of their Motion - - as opposed to specific questions concerning misconduct are a necessary prophylactic against eliciting damaging but irrelevant conduct that might confuse the jury and generate a mini-trial within the trial.

1

Rule 401 of the Federal Rules of Evidence, Test for Relevant Evidence, states:

Evidence is relevant if:

    a) it has <u>any</u> tendency to make a fact more or less probable than it would be without the evidence; and (emphasis added)

    b) the fact is of consequence in determining the action.

The very fulcrum of the Government's case is the testimony of Gondo and, particularly, Rayam. It cannot be emphasized enough that credibility of the Government's cooperating witnesses will determine, in large part, the jury's determination as to whether Mr. Snell committed the crime of Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Cocaine.

Gondo and Rayam were longstanding officers of the Baltimore City Police Department. Because they operated under color of law, they were able to generate an oeuvre of work which is unparalleled in the annals of police corruption, at least in this city and state. The length and character of their misconduct is breathtaking. To deny counsel the right to engage them, through cross-examination, and flesh out specific instances of misconduct - - as opposed to the whitewashed and antiseptic examination the Government is advocating - - is to clearly deny the Defendant the opportunity to explore relevant evidence which is probative of their character for truthfulness or untruthfulness See Federal Rule of Evidence, Rule 608 (b).

Defense counsel contends that, contrary to the Government's representations and assessment of the strength of their case, the case against Mr. Snell is by no means a "slam dunk". The factors this Court must weigh in determining whether to allow the defense wiggle room to explore the witnesses' credibility and bias, include "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the

2

extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Delaware vs. Van Arsdall*, 475 U.S. 673, at 680 – 84 (1986). It is beyond dispute that the testimony of the cooperating witnesses, particularly Rayam, is key to the Government's case. Undersigned counsel can safely say - - even without the benefit of having received Jencks - - that his main focus on cross examination will be Rayam. To the extent that Gondo was involved, counsel will make every effort not to repeat, verbatim, the litany of transgressions he committed in tandem with Rayam, on cross-examination.

The Government appears to have little or no faith in the ability of the jury - - individually and collectively - - to ferret out surplusage and focus on the determinative issue in this case, viz., the credibility of the witnesses. The Court, in its wisdom and discretion, can certainly provide the jury with cautionary instructions, if necessary to avoid prejudice.

**II.     Within Reasonable Limits, the Defendant Should be Allowed to Cross-Examine Witnesses About some Specific Penalties and/or Elicit Testimony About the Defendant's Pretrial Detention.**

It is well settled law that under the Sixth Amendment's Confrontation Clause a Defendant has the right to cross-examine Government witnesses on matters bearing on credibility or potential bias. *Crawford v. Washington*, 541 U.S. 36, 59-61 2004; *United States vs. Turner*, 198 F.3d 425, 429 (4th Cir. 1999), *cert. denied*, 529 U.S. 1061 (2000).

This right encompasses the right "to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could approximately draw inferences relating to the reliability of the witness." *Davis v. Alaska*, 415 U.S. 308, 318 (1974).

Limitations on the Defendant's cross-examination of government witnesses are reviewed on appeal for an abuse of discretion. *United States vs. Smith*, 451, F.3d 209, 220 (4th Cir. 2006).

3

In its Motion, the Government suggests that any mention of potential penalties faced by government witnesses would prejudice the jury lest the jury would be distracted and confused resulting in opening the door to improper considerations. The strictures the Government seeks to impose on the Defendant are unprecedented and draconian.

It is black letter 4th Circuit law that defense counsel should be allowed to cross-examine cooperating witnesses with regard to whether they hope to receive reduced sentences as a result of their testimony; whether they are aware of the minimum and maximum penalties otherwise faced; and, about provisions in their plea agreements pertaining to downward departures for "substantial assistance". *United States vs. Ambers*, 85 F.3d 173 (4th Cir. 1996). *Ambers* further delineates the extent to which defense counsel, on cross-examination, can delve. The defense is entitled to explore the motivation of witnesses in testifying but is prevented from exploring the minutiae of the guidelines. Undersigned counsel can live with that limitation.

The Government cites *United States vs. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997) for the proposition that the defense is not entitled to inquire into specific years a cooperating witness faces. However, the *Cropp* Court did allow cross-examination regarding plea agreements and the expectations of lesser sentences in exchange for cooperation. The 4th Circuit has expanded upon the narrow confines of *Cropp* in the case of *United States vs. Turner*, 198 F.3d 425, 4th Cir. (1999) *cert. denied*, 529 U.S. 1061 (2000). In *Turner*, 198 F.3d at 430, the 4th Cir. found that the trial Court abused its discretion when limiting defense counsel to cross-examining a prosecution witness with regard to "her understanding of penalties she faced before she decided to cooperate... ." In *Turner*, at 430, the 4th Cir. stated "We conclude that the prosecution's relevancy objection was meritless....A witness's understanding of the potential penalties faced prior to entering into a plea agreement may demonstrate bias and prejudice, as well the motive of

4

the witness for testifying against the defendant and for the prosecution. As such, this inquiry is, as a general proposition, highly relevant to testing the witness's credibility."

Citing Ambers, 85 F.3d at 176 – 77 (approving thorough cross-examination about the maximum and minimum penalties the witness believed he faced, absent his cooperation with the Government); Cropp, 127 F.3d at 358 (noting that the witness's expectations, rather than the actual sentence, was a potential source of bias); and, *Hoover vs. Maryland*, 714 F.2d 301, 305-06 (4th Cir. 1983) (trial court's refusal to permit inquiry into a principal witness's subjective understanding that his immunity agreement with the government constituted reversible error, noting that the crux of the inquiry is the witness's state of mind).

In light of the foregoing, the defense requests that it be given reasonable latitude to explore the potential penalties the Government's witnesses face in order to properly demonstrate bias and prejudice and establish a base line for the witness's motive to testify.

**III.     The Defendant May Seek To Cross-Examine Government Witnesses With Regard To Matters That Are Probative Of Their Truthfulness Or Untruthfulness.**

The Government, in its Motion In Limine, seems to be engaging in rank speculation as to whether the defense will call family members or friends to contradict their cooperating witnesses. The Government further buttresses their vague argument on the basis of jail calls of the Defendant which undersigned counsel has not had the benefit of reviewing. As such, it is virtually impossible to respond to this particular argument, at the present time. While it is true that under Federal Rule of Evidence 608 (b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character of the truthfulness." Ultimately, the Court must make a determination on a case by case basis as to

5

whether the probative value is outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury pursuant to the protections of Rule 403.

Respectfully submitted,

DAVID R. SOLOMON, ESQ.
201 N. Charles Street, Suite 1717
Baltimore, Maryland 21021
Phone No.: 410-244-8822
Fax No.   : 410-625-1028
drsolomonlaw@gmail.com
*Attorney for Defendant, Eric Troy Snell*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26 day of September, a copy of the Defendant's Response To Government's Motion In Limine To Impose Reasonable Limits On Cross-Examination Of Witnesses, To Exclude Evidence In Support Of Any Alibi That Was Not Timely Disclosed By Defendant was electronically forwarded to Derek E. Hines, Esquire, Assistant United States Attorney.

DAVID R. SOLOMON, ESQ.