IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS. | * | CRIMINAL NO.: CCB-17-602 |
| ERIC TROY SNELL | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE IN SUPPORT OF ANY ALIBI THAT WAS NOT TIMELY DISCLOSED BY DEFENDANT

Now comes the Defendant, **Eric Troy Snell,** by and through his undersigned attorney, David R. Solomon, Esquire, and in response to the Government's request that he be precluded from presenting evidence of an alibi hereby states:

On or about July 20, 2018, the Defendant, Eric Snell, through undersigned counsel, provided a Notice Of Alibi with regard to events which occurred on October 24, 2016. In that response, the Defendant stated:

> "To the best of Defendant's recollection, he was a subpoenaed witness by the State in Philadelphia City Court on or about October 24, 2016."

The Defendant further stated that documents in support of that representation would be provided once received.

Presently, undersigned counsel has not received supporting documentation with regard to that response. Nonetheless, he will provide it to the Government upon receipt thereof.

The Government cites *Alicea vs. Gagnon*, 675 F.2d 913, 916-917 (7th Cir. 1982) for the proposition that there must be a mechanism in place to address and avoid the "element of surprise" should there be an untimely notification of alibi. That is not the case here.

1

The Defendant is awaiting verification that he was in Philadelphia City Court on the subject date. Such a verification can only be provided via documentation from either the Court or the District Attorney's Office. Should verification be provided, it will take the form of a Certification pursuant to Rule 902 of the Federal Rules of Evidence.

The Government maintains that the lack of documentation in support of the Notice Of Alibi has and will render them incapable of responding to same. That is not the case. In fact, the Government has reported that their star witness, Jemell Rayam, will testify from personal experience that he was with the Defendant on the subject date. (It should be added that the Government has not provided the Defense with a time frame for when the alleged meeting between Rayam and the Defendant took place. Presumably, that will be contained in either a FBI 302 or from proffer session notes that will not be provided to the Defendant until *Jencks* disclosures.)

The Defense agrees that should such documentary evidence not be disclosed, the Defendant should be limited, via his own testimony, to providing the jury with information relating to that day.

Respectfully submitted,

DAVID R. SOLOMON, ESQ.
201 N. Charles Street, Suite 1717
Baltimore, Maryland 21021
Phone No.: 410-244-8822
Fax No.   : 410-625-1028
drsolomonlaw@gmail.com
*Attorney for Defendant, Eric Troy Snell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26 day of September, a copy of the Defendant's Response To Government's Motion In Limine To Exclude Evidence In Support Of Any Alibi That Was Not Timely Disclosed By Defendant was electronically forwarded to Derek E. Hines, Esquire, Assistant United States Attorney.

DAVID R. SOLOMON, ESQ.

2