IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS. | * | CRIMINAL NO.: CCB-17-602 |
| ERIC TROY SNELL | * | |
| Defendant | * | |

*******************************************************************

**<u>DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMINE* CONCERNING THE ADMISSIBILITY AT TRIAL OF THE DEFENDANT'S POST-ARREST STATEMENTS DURING THE FBI TRANSPORT ON NOVEMBER 14, 2017</u>**

Now comes the Defendant, **Eric Troy Snell**, by and through his undersigned attorney, David R. Solomon, Esquire, and in response to the Government's Motion *In Limine*, states:

Presumably, the Government seeks to limit cross-examination of Special Agents Kevin Bodmer and/or Task Force Officer John Sieracki with regard to statements Eric Snell made to them following his arrest of November 14, 2017 in his transport from Philadelphia to Maryland to answer to the charges in this case.

To the extent that the Government interprets some of Snell's statements as self-inculpatory, it would paint a false picture of the Defendant's state of mind and intent when those statements were made if the remainder of the statements he made were excluded at trial.

It is of significance that Special Agent Bodmer reduced to writing - - in the form of five (5) pages of copious notes - - what the Defendant stated during the course of the transport. Further, these notes were contemporaneously made at the time the Defendant made those statements.

1

The Defense should be allowed to question Special Agent Bodmer with regard to any contemporaneous notes which explain or contradict any "spin" the Government may seek to portray with regard to the Defendant's statements during that transport.

Federal Rule of Evidence 106 ("Remainder Of Related Writings Or Recorded Statements") states:

> "If a party introduces all or part of a writing or a recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time."

The purpose of the rule "is to prevent a party from misleading the jury by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received." *United States vs. Lentz*, 524, F.3d 191 (4th Cir. 2004). While evidence of prior consistent statements of a witness, including those of a Defendant, are ordinarily inadmissible, see *United States vs. Hedgepeth*, 418 F.3d 411, 422-423 (4th Cir. 2005), two (2) of three (3) exceptions to this general rule suggest that prior statements are properly admitted when 1) a witness' credibility has been attacked or otherwise challenged and, 2) pursuant to the doctrine of completeness, when a portion of the document or statement has been admitted, to tell what might be called "the rest of the story".

With regard to the first exception, it is axiomatic that the purpose of the Government's determination to surgically pinpoint only certain portions of the Defendant's statements to Special Agent Bodmer is to challenge and attack Mr. Snell's credibility and to argue that his statements were wholly self-incriminating in nature. Without an opportunity to cross-examine Agent Bodmer as to the remainder or clarifying portions of those statements, it might force the Defendant to take the stand against his best interests to so clarify those statements.

2

Regarding the doctrine of completeness, a prior consistent statement is properly admitted "For rehabilitation purposes…[when] other portions of the same statement have been used to impeach the witness…" *Hedgepeth*, 418 F.3d at 422-423. Accord *United States vs. Mohr*, 318 F.3d 613, 626 (4th Cir. 2003) for the proposition that when a party makes use of a portion of a document or statement, such that misunderstanding or distortion can be averted only by presentation of the remainder of that document, the rest of the document or statement is admissible.

As stated previously, to deny the Defendant the opportunity to cross-examine Special Agent Bodmer regarding the other statements made during transport is to effectively force him to testify contrary to his Fifth Amendment privilege.

Respectfully submitted,

_____
DAVID R. SOLOMON, ESQ.
201 N. Charles Street, Suite 1717
Baltimore, Maryland 21021
Phone No.: 410-244-8822
Fax No. : 410-625-1028
drsolomonlaw@gmail.com
*Attorney for Defendant, Eric Troy Snell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26 day of September, a copy of the Defendant's Response To Government's Motion *In Limine* Concerning The Admissibility At Trial Of The Defendant's Post-Arrest Statements During The FBI Transport On November 14, 2017 was electronically forwarded to Derek E. Hines, Esquire, Assistant United States Attorney.

_____
DAVID R. SOLOMON, ESQ.

3