# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIMINAL NO. 17-602-CCB** |
| **ERIC TROY SNELL** | |
| **Defendant.** | |

# MOTION IN LIMINE
# TO ADMIT TEXT MESSAGES FROM 11/7/2013 TO 9/29/2016

The United States of America, by its undersigned counsel, hereby moves this Court *in limine* to admit text messages between the Defendant and Lenard Palmer, an unindicted co-conspirator of the Defendant, and text messages between Palmer and others relate to the sale of narcotics from November 7, 2013, through September 29, 2016.

Following the parties' telephone status conference with the Court on October 26, 2018, counsel for the Defendant informed counsel for the United States that the Defendant intended to object to a series of text messages between the Defendant and an unindicted co-conspirator, Lenard Palmer, and between Palmer and drug customers, dating from November 7, 2013, through September 29, 2016. These text messages were included in a summary exhibit that was provided to the Defendant on October 17, 2018, and were previously produced in discovery during the summer of 2018. A copy of the summary exhibit is attached to this motion.

Counsel for the United States does not know whether counsel for the Defendant intends to file a written motion *in limine* to exclude these text messages. Because the Defendant has not filed a written motion, the basis for his objection is not entirely known, however, the Government anticipates that the Defendant will argue they should be excluded because they

predate the period of the conspiracy charged in the indictment and are therefore not relevant or because the text messages are evidence of other crimes subject to Federal Rule of Evidence 404(b) and would be offered to prove propensity to commit a crime, something the rule prohibits. Both arguments are meritless. These text messages are admissible for the reasons outlined below.

A grand jury sitting in Baltimore charged the Defendant with conspiracy to distribute and possess with intent to distribute heroin and cocaine. The indictment charges that the conspiracy began "no later" than October 2016, and continued until "at least" June 26, 2017. Former Baltimore Police Department Detective Jemell Rayam will testify that he brought Eric Snell cocaine that had been stolen from an arrestee in Baltimore. Snell and Rayam then gave it to Snell's brother, Lenard Palmer, who had previously sold drugs, to sell. However, while the conspiracy began "no later" than October 2016, Rayam and Snell's relationship began much earlier. Both men met at the Baltimore Police Academy in 2005 and became friends. Even after Snell left the Baltimore Police Department in 2008, the two remained close; so much so, that Rayam was Snell's best man at his wedding. During this time period from 2005 until 2016, Rayam also met Palmer, interacting with him socially with Snell. Further, Rayam will also testify that when he and Snell were in the Baltimore Police Academy, Snell had told him that his uncle, sold narcotics. Snell also told Rayam that Palmer also sold drugs. Further, in 2008, Snell and Rayam agreed to have Snell, through his uncle, sell a large quantity of marijuana that Rayam and another BPD officer had stolen from an arrestee. The only reason that transaction did not occur was because the other officer had his own drug connect who was able to sell the marijuana.

Federal Rule of Evidence 404(b)(1) prohibits the introduction of evidence of "*other* crimes, wrongs, or acts" for the purpose of proving that a person acted in a particular way on a particular occasion based on the character or the disposition of that person. Fed.R.Evid. 404(b)(1) (emphasis added). Evidence that is "intrinsic" to the alleged crime does not fall under Rule 404(b)'s prohibition. *See United States v. Chin*, 83 F.3d 83, 87–88 (4th Cir. 1996) ("[W]e agree with the other circuits that where testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible.").[1] Moreover, "the mere fact that the evidence involved activities occurring before the charged time frame of the conspiracy does not automatically transform that evidence into 'other crimes' evidence." *United States v. Bajoghli*, 785 F.3d 957, 965–66 (4th Cir. 2015) quoting *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994). Evidence that "complete[s] the story of the crime" on trial is intrinsic, even if the evidence predates the time period of the indictment. *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007).

Here the text messages to which the Defendant objects are intrinsic to the crimes charged because they "complete the story." The text messages between Palmer and his drug customers demonstrate that Palmer was, in fact selling drugs, consistent with what Snell told Rayam and what Rayam understood about the Palmer. The text messages between Snell and Palmer concern Snell obtaining firearms and ammunition for Palmer which Palmer and his uncle used to protect their drug trafficking operation. Thus, these text messages are intrinsic to the crimes charged.

---

[1] Before *Chin*, the Fourth Circuit had not expressly stated that Rule 404(b) was inapplicable to intrinsic evidence. The Court in *Chin* recognized that prior case law did however, demonstrate that the court had long "agree[d] with much of the reasoning behind the rule [excluding intrinsic evidence from Rule 404(b)]." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) (citing *United States v. Kennedy*, 32 F.3d 876 (4th Cir. 1994) (holding that Rule 404(b) is not applicable to evidence of crimes that arose out of the same series of transactions as the charged offense or that are necessary to complete story of the charged crime)).

3

For the foregoing reasons, the text messages to which the Defendant intends to object are admissible.

                                      Respectfully submitted,

                                      Robert K. Hur
                                      United States Attorney

                      By: _____/s/_____
                                      Derek E. Hines
                                      Leo J. Wise
                                      Assistant United States Attorneys

Date: October 28, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

                                      By:___/s/_____
                                         Leo J. Wise
                                         Assistant United States Attorney