IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Crim. No. CCB-17-602 |
| | * |
| ERIC TROY SNELL | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Eric Troy Snell is a federal prisoner who is serving a 108-month sentence for drug trafficking. Now pending is Snell's motion for sentence reduction or modification to allow the remainder of his sentence to be served on home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on increased vulnerability to COVID-19. (ECF 101).[1] The government opposes the motion, (ECF 104), and Snell has replied, (ECF 105). For the reasons explained below, the motion will be denied.

### BACKGROUND

Snell, a former Baltimore Police Department ("BPD") officer, became an officer in the Philadelphia Police Department around September 29, 2014. (Plea Hr'g Tr. at 11:9–14, ECF 80). From October 2016 until June 2017, Snell engaged in a conspiracy to obtain and sell heroin and cocaine. (*Id*. at 11:15–12:3). One of Snell's co-conspirators was former BPD officer Jemell Rayam. (*Id*.). The conspiracy involved, *inter alia*, selling illegal narcotics that had been seized or obtained by BPD, transporting narcotics across multiple states, and recruiting other people to sell drugs. (*Id*. at 12:4–21).

On November 9, 2017, Snell was indicted on one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Cocaine in violation of 21 U.S.C. § 841 and § 2.

---

[1] Snell's memorandum in support of the motion is filed under seal at ECF 103.

1

(ECF 1). Snell pled not guilty, and the jury trial began on October 29, 2018. (*See* ECF 68). In the middle of trial, however, on November 1, 2018, Snell changed his plea to guilty. (*See* ECF 71).[2] On May 1, 2019, Snell was sentenced to 108 months' imprisonment, followed by a three-year term of supervised release.

The parties agree that Snell's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is properly before the court.[3] The only issues are (1) whether the court may modify the judgment to allow for the remainder of Snell's sentence to be served on home confinement; and (2) whether "extraordinary and compelling reasons" warrant reduction of Snell's sentence and, if so, whether the factors set forth at 18 U.S.C. § 3553(a) weigh in favor of such a reduction.[4]

## DISCUSSION

### I.   Modification of sentence

The court first considers Snell's request that the court modify the judgment to allow for the remainder of Snell's sentence to be served on home confinement. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *See United States v. Byers*, No. 118CR00036MRWCM1, 2020 WL 3513703, at *2 (W.D.N.C. June 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)). Accordingly, the court does not have the authority to order that the remainder of Snell's sentence be served on home confinement.

The court does, however, have the authority to impose a *reduced* sentence pursuant to 18

---

[2] Snell agreed that the facts set forth in the indictment were correct, with one exception: Snell maintained that his statement to Rayam that he would "keep an eye" on Rayam's kids was not intended as a threat. (*See* ECF 1 at 6; Plea Hr'g Tr. at 16:16–21).
[3] The government does not dispute that Snell exhausted his administrative remedies prior to the filing of this motion. (Opp'n at 2, ECF 104).
[4] The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A).

U.S.C. § 3582(c)(1)(A). In some cases, this court and others have granted compassionate release and also ordered that, as a condition of supervised release, the defendant spend a period of time on home confinement. *See, e.g., United States v. Sweets*, No. CR CCB-04-564, 2020 WL 3073318, at *4 (D. Md. June 10, 2020) (first 90 days of supervised release to be served on home confinement); *United States v. Rountree*, --- F. Supp. 3d ----, 2020 WL 2610923, at *11 (N.D.N.Y. May 18, 2020) (first two years of supervised release to be served on home confinement). Since it is clear from Snell's motion that he seeks relief under the compassionate release statute, (*see* Mot. at 7–8, ECF 103), his request for "release to home confinement" is better understood as a request that his sentence be reduced to time served and the balance of his sentence converted to supervised release with a condition of home confinement.

## II. Reduction of sentence

Snell seeks compassionate release on the basis of "extraordinary and compelling reasons" warranting a reduction of his sentence. *See* § 3582(c)(1)(A)(i). Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).[5] As this court and others have held, however, the court possesses independent

---

[5] The BOP's regulations and implementing information relating to compassionate release are set forth in Program Statement 5050.50, titled "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18

discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).

Snell argues that his prediabetes and family history of diabetes place him at greater risk of severe illness related to COVID-19. (Mot. at 10). He does not argue that this proffered "extraordinary and compelling reason" satisfies Sentencing Commission or BOP criteria. Rather, Snell suggests that the court should find, in its independent discretion, that Snell's stated vulnerability to COVID-19 constitutes an "extraordinary and compelling reason" for a sentence reduction. (Mot. at 7–8). The court declines to do so here. According to the Centers for Disease Control ("CDC"), while diabetes is an underlying condition that increases an individual's vulnerability to COVID-19, prediabetes is not. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020); *cf. United States v. Malone*, No. 3:18CR65 (JBA), 2020 WL 3026467, at *3 (D. Conn. June 4, 2020) (family history of heart disease, but no personal history of heart disease, insufficient to constitute an "extraordinary and compelling reason" for compassionate release). Snell's other underlying condition—gastro-esophageal reflux disease, (Mot. at 3–4)—is also not a CDC risk factor. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.[6] The court is thus not persuaded that Snell's underlying conditions sufficiently increase his vulnerability to COVID-19 as to constitute an "extraordinary and compelling reason" for sentence reduction.

---

U.S.C. §§ 3582 and 4205(g)."
[6] Snell states that he suffered from hypertension in the past, but that it has been resolved. (Mot. at 4).

The § 3553(a) factors also do not weigh in favor of release. Snell's offense of conviction was very serious, especially in light of his position as a police officer, and the 108-month sentence was imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. (ECF 90 (Statement of Reasons)). Snell has been incarcerated for only a small portion of that sentence, and the court is not persuaded he has demonstrated a sustained period of rehabilitative and infraction-free conduct. *See United States v. Scott*, Crim. No. JKB-16-429, ECF 413 at 3 ("Also weighing against release is the fact that Scott has served only roughly 36 months of a 135-month sentence for a serious crime."). While Snell's good conduct in the BOP is commendable, the court concludes that 108 months' imprisonment remains "a sentence that is sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).[7]

## CONCLUSION

For the reasons explained above, Snell's motion for compassionate release will be denied. The associated motion to seal (ECF 102) will be granted to protect confidential medical information contained in and attached to the motion. A separate order follows.

| | |
|---|---|
|   7/20/20   | /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[7] As the court will deny Snell's motion, it need not address his arguments related to indicative rulings under Federal Rule of Appellate Procedure 12.1. (Mot. at 12).